**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TIMOTHY K. HAYNES,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. ________________ |

# COMPLAINT

NOW COMES Plaintiff, TIMOTHY K. HAYNES ("Plaintiff"), by and through counsel, and files this Complaint against Defendant EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX"), alleging as follows:

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act (“FCRA”), 15 U.S.C. § 1681 et seq.

## Parties

2. Plaintiff is a natural person residing in the City of Tumbling Shoals, in Cleburne County, State of Arkansas.

3. At all times relevant, Plaintiff was a “consumer” as defined by 15 U.S.C. § 1681a(c).

4. Defendant EQUIFAX INFORMATION SERVICES, LLC is a consumer reporting agency that regularly assembles or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties for monetary compensation.

5. Defendant EQUIFAX is a "person" as defined by 15 U.S.C. § 1681a(b) and a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

6. At all times relevant, Defendant EQUIFAX acted through its agents, employees, officers, representatives, successors, and assigns.

**Jurisdiction and Venue**

7. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b) because EQUIFAX resides in this District and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

**Factual Allegations**

9. Plaintiff maintained a Capital One credit-card account ending in 0066 (the "Account").

10. On February 5, 2025, Lloyd & McDaniel, PLC, acting on behalf of Capital One, confirmed in writing that Capital One had agreed to settle the Account in full for $3,220.00.

11. The written settlement required an initial payment of $201.25 on or before February 24, 2025, followed by payments of $201.25 beginning March 24, 2025 and on the 24th of each month thereafter until $3,220.00 was paid in full.

12. Plaintiff's payment records reflect sixteen cleared payments of $201.25 between February 24, 2025 and May 22, 2026, totaling exactly $3,220.00.

13. Plaintiff therefore completed the payments required by the written settlement no later than May 22, 2026.

14. As of July 29, 2026, EQUIFAX was reporting the Account with a $1,369.00 balance and a charge-off or collection/charge-off status.

15. On July 29, 2026, Plaintiff sent a written dispute to EQUIFAX specifically identifying the Capital One Account ending in 0066 and disputing its current status, payment history, and reported $1,369.00 balance.

16. Plaintiff advised EQUIFAX that he had settled the Account with Capital One and had made all payments required to fulfill the settlement.

17. Plaintiff further advised the CRA that additional documentation was included to assist in researching the dispute and requested that the CRA research the matter and update its records.

18. After the dispute period, Plaintiff obtained another consumer credit report dated September 24, 2026.

19. EQUIFAX continued reporting the Account with a $1,369.00 balance, a $1,369.00 amount past due, a charge-off account status, and a current payment status of collection/charge-off.

20. Plaintiff does not challenge the historical fact that the Account had been charged off. Plaintiff challenges EQUIFAX'S continued reporting of a present $1,369.00 balance, past-due amount, and current delinquency after Plaintiff completed the settlement payments.

21. The continued reporting of a present $1,369.00 balance and current delinquency was inaccurate or materially misleading because Plaintiff had completed the payments required by Capital One's $3,220.00 settlement.

22. The disputed balance and current delinquency were objectively and readily verifiable from Capital One's written settlement, Plaintiff's cleared-payment information, and the information available during the reinvestigation.

23. EQUIFAX failed to reasonably review and consider the relevant information supplied by Plaintiff and/or the furnisher and failed to correct, delete, or modify information that was inaccurate, incomplete, materially misleading, or could not be verified.

24. EQUIFAX'S continued reporting of an outstanding balance after Plaintiff completed the payments required to resolve the Account caused Plaintiff actual harm, including frustration, anger, anxiety, and distress over the continued inaccurate reporting of a debt he had already resolved.

25. Plaintiff experienced worry and fear concerning the effect the inaccurate reporting could have on his creditworthiness and his ability to obtain credit, and the continued reporting likewise contributed to his emotional distress.

26. Plaintiff also expended time and effort attempting to correct the inaccurate reporting, including reviewing his credit information, preparing and submitting his dispute to EQUIFAX, providing supporting documentation, and thereafter reviewing his credit information to determine whether the disputed information had been corrected.

27. EQUIFAX'S continued reporting impaired Plaintiff's creditworthiness and caused additional distress and concern regarding his ability to obtain credit on favorable terms.

**COUNT I – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

28. Plaintiff repeats and incorporates by reference the allegations set forth above.

29. EQUIFAX prepared and furnished consumer reports concerning Plaintiff that contained inaccurate or materially misleading information regarding the Account, including the reported $1,369.00 balance and past-due amount.

30. EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in preparing consumer reports concerning Plaintiff.

31. EQUIFAX'S violations caused Plaintiff the actual injuries alleged above, including emotional distress and the expenditure of time and effort attempting to correct the inaccurate reporting.

32. EQUIFAX'S conduct was willful within the meaning of 15 U.S.C. § 1681n or, alternatively, negligent within the meaning of 15 U.S.C. § 1681o.

33. Plaintiff is entitled to recover all damages and other relief permitted by 15 U.S.C. §§ 1681n and/or 1681o.

**COUNT II – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

34. Plaintiff repeats and incorporates by reference the allegations set forth above.

35. After Plaintiff submitted his specific dispute and supporting information concerning the Account, EQUIFAX failed to correct or delete the inaccurate or materially misleading $1,369.00 balance and past-due amount.

36. EQUIFAX violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, failing to review and consider all relevant information submitted by Plaintiff, and failing to delete or modify information that was inaccurate, incomplete, or could not be verified.

37. EQUIFAX'S violations caused Plaintiff the actual injuries alleged above.

38. EQUIFAX'S conduct was willful within the meaning of 15 U.S.C. § 1681n or, alternatively, negligent within the meaning of 15 U.S.C. § 1681o.

39. Plaintiff is entitled to recover all damages and other relief permitted by 15 U.S.C. §§ 1681n and/or 1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant EQUIFAX, and that Plaintiff be awarded:

a) Actual damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and statutory damages as permitted by 15 U.S.C. § 1681n(a)(1)(A);

b) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for any willful violation;

c) Costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and/or 1681o(a)(2); and

d) Such other and further legal or equitable relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: October 12, 2026

By: *<u>/s/ Heather Hicks</u>*

Heather Hicks
Colexit Law, PLLC
8735 DUNWOODY PLACE # 12678
ATLANTA, GA 30350
P. 480.944.0994
HHicks@colexit.com

Attorney for Plaintiff,
TIMOTHY K. HAYNES